**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FFB BANK, | Case No. 1:24-cv-01580 KES SKO |
| Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING THE REQUEST FOR DEFAULT JUDGMENT, GRANTING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS, AND DIRECTING THE CLERK OF COURT TO CLOSE CASE |
| v. | |
| CREDIT MOJO LLC, et al., | |
| Defendants. | |
| | Docs. 23, 29 |

FFB Bank asserts Credit Mojo LLC and Rondi R. Lambeth breached a credit and business loan agreement and guaranty. Doc. 14. After the defendants failed to answer, the Court entered default. Docs. 19, 20. FFB Bank now seeks default judgment against Defendants. Doc. 23. This matter was referred a magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 302.

The magistrate judge determined that FFB Bank alleged sufficient facts to support the claims for breach of contract and breach of a guaranty. Doc. 29 at 4-5. The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment and recommended granting the motion—as to the breach of contract claims only—and awarding the requested monetary relief. *Id.* at 5-10.

FFB Bank also requested attorney's fees and costs under the agreement. *See* Doc. 23 at 2. The magistrate judge found FFB Bank submitted records establishing "the number of hours spent

1

on this matter," and found the time expended was reasonable. *Id.* at 13. The magistrate judge found the hourly rates requested for counsel was reasonable but modified the hourly rate for the paralegal to $200, because the evidence submitted lacked "any information about paralegal Bo's experience or qualifications." *Id.* at 12-13. The magistrate judge also found an award of costs— related to the filing fee, service, and copying—was reasonable. *Id.* at 15-16. The magistrate judge recommended an award of fees in the amount of $ 9,582.50 and costs in the amount of $705.00. *Id.* at 16.

The Court served the findings and recommendations on FFB Bank, which served the document on Defendants and filed proof of service. Doc. 30. The Court notified the parties that any objections were due within 21 days of the date of service. Doc. 29 at 17. The Court also advised that the failure to file objections within the identified time may result in the waiver of rights on appeal. *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). No objections were filed, and the deadline for doing so has passed.

In accordance with 28 U.S.C. § 636 (b)(1), the Court performed a de novo review. Having carefully reviewed the matter, the Court concludes the findings related to the *Eitel* factors and the award of attorneys' fees and costs are supported by the record and proper analysis. But as the magistrate judge noted, FFB Bank failed to provide sufficient information regarding the experience of the identified paralegal, and that hourly rate must be adjusted downward.

Hourly rates for paralegals in the Eastern District generally range from $75 to $200, depending on experience and education. *See, e.g., Wagnon v. Rocklin Unified Sch. Dist.*, 2025 WL 1569210, at*5 (E.D. Cal. June 2, 2025) (awarding a $75 hourly rate for junior paralegals); *Terry v. Wasatch Advantage Grp., LLC*, 2025 WL 406589, at *5 (E.D. Cal. Feb. 2, 2025) (approving a $200 hourly rate as reasonable for a paralegal who held a master's degree in statistics and had more than 20 years of experience). Where, as here, the experience of the paralegal is unknown, the Court declines to award an hourly rate at the higher range of rates. *Sunbelt Rentals, Inc. v. Three Bros. Elec. Contrs., Inc.*, 2023 WL 5103739, at *6 (E.D. Cal. Aug. 8, 2023). Instead, the Court applies a lower hourly rate where there is no evidence regarding the level of experience or skill. *Id.*; *see also White v. Sacramento Police Dep't*, 2026 WL 82407, at

*9 (E.D. Cal. Jan. 12, 2026) ("the Court finds $75 is a reasonable hourly rate for a paralegal without any further information about their background and experience").  Consistent with the hourly rate recently awarded in *White,* the rate for paralegal Bo is adjusted to $75 for her 1.5 hours of work, which is reasonable given the lack of information regarding her skill, education, and experience.  *See Wagnon*, 2025 WL 1569210, at*5; *White*, 2026 WL 82407, at *9.  This results in an adjusted lodestar of $9,395.00.  A fee award at the lodestar amount is reasonable for the tasks completed and time expended on the matter.

The Court **ORDERS**:

1. The findings and recommendations issued on November 24, 2025 (Doc. 29), are **ADOPTED** in part.

2. Plaintiff's motion for default judgment (Doc. 23) is **GRANTED**.

3. The Clerk of Court is **DIRECTED** to enter judgment against Defendants Credit Mojo, LLC and Rondi R. Lambeth in the amount of $119,366.05, plus additional interest being awarded at the rate of $43.75 per day after September 15, 2025.

4. Plaintiff's request for fees and costs (Doc. 23) is **GRANTED IN PART**, and Plaintiff is **AWARDED** fees in the modified amount of $9,395.00 and costs in the amount of $750.00.

5. Plaintiff **SHALL** mail a copy of this order to each of the defendants at their last known address(es).

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 30, 2026

_____
UNITED STATES DISTRICT JUDGE